Michael Flynn-O'Brien (SBN 291301)
mflynnobrien@bdiplaw.com
Hillary N. Bunsow (SBN 278719)
hillarybunsow@bdiplaw.com
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
Telephone: (415) 426-4727

Hui Shen (*Pro Hac Vice* Pending)
shen.hui@dorsey.com
Dorsey & Whitney LLP
1401 New York Avenue NW, Suite 900
Washington DC, 20005
Telephone: (202) 442-3000

Bruce Ewing (*Pro Hac Vice* Pending)
ewing.bruce@dorsey.com
Dorsey & Whitney LLP
51 W 52nd St #15,
New York, NY 10019
Telephone: (212) 415-9206

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XMIND LTD., <br><br> PLAINTIFF, <br><br> v. <br><br> SHENZHEN EDRAW SOFTWARE CO., LTD., WONDERSHARE TECHNOLOGY GROUP CO. LTD., WONDERSHARE | CIVIL ACTION NO. 2:23-CV-2481 <br><br> COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114; FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)(1); COMMON LAW TRADEMARK INFRINGEMENT; COMMON LAW UNFAIR COMPETITION; FALSE ADVERTISING UNDER 15 U.S.C. |

TECHNOLOGY INC., WONSON GLOBAL ENTERPRISES INC., YEABO LIMITED AND WONDERSHARE GLOBAL LIMITED

DEFENDANTS.

§ 1125(a)(1); UNLAWFUL, UNFAIR, AND FRAUDULENT BUSINESS PRACTICES UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200; DECEPTIVE, FALSE, AND MISLEADING ADVERTISING UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17500

**JURY TRIAL DEMANDED**

Plaintiff Xmind Ltd. ("Plaintiff" or "Xmind") files this complaint against Defendants Shenzhen Edraw Software Co., Ltd., Wondershare Technology Group Co. Ltd. (also known by its Chinese name, 万兴科技集团股份有限公司), Wondershare Technology Inc., Wonson Global Enterprises Inc., Yeabo Limited, and Wondershare Global Limited (collectively "Defendants"), alleging as follows:

## NATURE OF THE ACTION

1.       This is an action in which Xmind seeks to stop Defendants from unlawfully engaging in federal and common law trademark infringement and unfair competition, false advertising, and unlawful, unfair, and fraudulent business practices.

2.       The parties are competitors in the mind mapping solution business.  A mind map is a diagram used to organize information into a hierarchy, showing relationships among pieces of the whole.  A mind map is often created around a single concept, drawn as an image in the center of a blank page, to which associated representations of ideas such as images, words and parts of words are

added.  Major ideas are connected directly to the central concept, and other ideas branch out from those major ideas.  Xmind is the leading provider of mind mapping solutions to businesses, research institutions and other customers located around the world.

3.     Defendants are copycats that offer mind mapping solutions that are closely imitative of Xmind's products.  As part of their effort to compete with Xmind, Defendants have engaged in acts of trademark infringement, unfair competition, false designation of origin, false advertising, and unlawful, unfair, and fraudulent business practices that this action seeks to halt.

**PARTIES**

4.     Plaintiff is a corporation duly organized and existing under the laws of Hong Kong, with its global headquarters located at 31F, Hisense South Building, No. 1777 Venture Road, Azure Coast Community, Yuehai Street, Nanshan District, Shenzhen, China.

5.     Defendant Shenzhen Edraw Software Co., Ltd. is a corporation duly organized and existing under the laws of the People's Republic of China, with a place of business at B801, Building 5, Shenzhen Software Industry Base, Haitian 1st Road, Yuehai Street, Nanshan District, Shenzhen, Guangdong, China and/or 200-4445 Lougheed Hwy, Burnaby, BC Canada, V5C 0E4.

6.     Defendant Wondershare Technology Group Co. Ltd. is a corporation duly organized and existing under the laws of the People's Republic of China, with a place of business at 306, Block D, Building 5, Shenzhen Software Industry Base, Nanshan District, Shenzhen, Guangdong, China and/or 200-4445 Lougheed Hwy, Burnaby, BC Canada, V5C 0E4.

7.     Defendant Wondershare Technology Inc. is a corporation duly organized and existing under the laws of Canada with a place of business at 200-4445 Lougheed Hwy, Burnaby, BC Canada, V5C 0E4.

8.     Defendant Wonson Global Enterprises Inc. is a corporation duly organized and existing under the laws of Canada with a place of business at 300 - 3665 Kingsway Vancouver, BC Canada, V5R-5W2.

9.     Defendant Yeabo Limited is a corporation duly organized and existing under the laws of Hong Kong, with a place of business at Unit No. A222, 3F, Hang Fung Industrial Building, Phase2, No. 2G Hok Yuen Street, Hunghom KLN Hong Kong and/or 200-4445 Lougheed Hwy, Burnaby, BC Canada, V5C 0E4.

10.     Defendant Wondershare Global Limited is a corporation duly organized and existing under the laws of Hong Kong, with a place of business at Unit D, 16/F, One Capital Place, 18 Luard Road, Wan Chai, Hong Kong and/or 200-4445 Lougheed Hwy, Burnaby, BC Canada, V5C 0E4.

11.     The allegations contained herein are asserted against the Defendants jointly, severally, or in the alternative.  Defendants are part of the same corporate family of companies, and are each directly, contributorily and/or vicariously liable, and/or liable by way of inducement, for the misconduct as described herein.

12.     For example and without limitation, upon information and belief, Defendant Wondershare Technology Group Co. Ltd. is, and has been at all relevant times, the owner of at least Defendant Shenzhen Edraw Software Co., Ltd., and in that capacity has directly and personally participated in the acts of trademark infringement, unfair competition, false advertising and unfair business practices described herein, with full knowledge that such activity violated Xmind's trademark and other rights, or has induced, contributed to, or specifically directed that others perpetrate, the acts of trademark infringement, unfair competition, false advertising and unfair business practices described herein, with full knowledge that such conduct was wrongful.

13.     As another example, and without limitation, the "Edraw Terms & Conditions" webpage on the website www.edrawsoft.com states that the website is jointly operated by Defendant Yeabo Limited, Defendant Shenzhen Edraw Software Co., Ltd., Defendant Wondershare Global Limited, and Defendant Wonson Global Enterprises Inc.:

This is an international company. The website is jointly operated by following companys.

Merchant Billing Information: YEABO LIMITED

Merchant Billing Address: UNIT NO. A222, 3F, HANG FUNG INDUSTRIAL BUILDING, PHASE2, NO. 2G HOK YUEN STREET, HUNGHOM KL HK

Company Name: SHENZHEN EDRAW SOFTWARE Co., LTD

Company Address: 10/F, Block D, 5th Building, Shenzhen Software Industrial Base, Haitian 2nd Rd, Nanshan District, Shenzhen, Guangdong, China

Company Name: Wondershare Global Limited (Registration Number: 2794708)

Company Address: Unit D, 16/F, One Capital Place, 18 Luard Road, Wan Chai, Hong Kong

Company Name: WONSON GLOBAL ENTERPRISES INC

Company Address: 300 – 3665 Kingsway Vancouver, B.C. V5R–5W2 Canada

https://www.edrawsoft.com/terms-conditions.html.

## JURISDICTION AND VENUE

14. This action arises under the U.S. Trademark Act of 1946, 15 U.S.C. § 1051 *et seq*. (the "Lanham Act") and the laws of the State of California. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1338(a) and (b) because the claims address federal questions concerning the Lanham Act. This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of the State of California because they form part of the same case or controversy, pursuant to 28 U.S.C. § 1367.

15.     This Court has personal jurisdiction over Defendants because they have conducted substantial business throughout the State of California and they have attempted to derive financial benefits from residents of the State of California.

16.     In addition, this Court has personal jurisdiction over Defendants because this action arises out of and is related to Defendants' contacts with the State of California.

17.     Alternatively, this Court has personal jurisdiction over Defendants pursuant to Federal Rule of Civil Procedure 4(k)(2) because Defendants have continuous and systematic contacts with the United States and because the present lawsuit arises out of and relates to Defendants' activities in the United States, such that exercising jurisdiction over Defendants pursuant to Rule 4(k)(2) is consistent with the United States Constitution and laws.

18.     Venue is proper in this judicial district over Defendants at least pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are alien defendants not resident in the United States, and because a substantial part of the acts complained of occurred in this judicial district and this Court has personal jurisdiction over Defendants for the acts complained of herein.

19.     Defendants own and/or operate the website https://www.edrawsoft.com.  Through their website, Defendants advertise, offer

for sale, and sell products to United States residents, including in California and this judicial district.  Defendants have included false advertising and false statements on their website regarding their products, their customers, and Plaintiff's products.



[www.edrawsoft.com](www.edrawsoft.com).

20.     Defendants also own and/or operate storefronts on one or more third-party platforms, including the Microsoft Store, Apple App Store, and Google Play Store.  Through their storefronts, Defendants advertise, offer for sale, and sell products to United States residents, including in California and this judicial district.

21.     In addition, Defendants own and/or operate the YouTube page [https://www.youtube.com/@cutedrawedwin](https://www.youtube.com/@cutedrawedwin), the Facebook page [https://www.facebook.com/edrawsoft/](https://www.facebook.com/edrawsoft/), and the Instagram page @wondershare_edrawsoft.  Defendants use their YouTube, Facebook, and Instagram pages to advertise their products to United States residents, including in California and this judicial district.

22.     Defendants also advertise, offer for sale, and sell products to United States residents, including in California and this judicial district, through advertising on Google, Bing, and Yahoo.  In addition, Defendants have unlawfully used Plaintiffs' registered XMIND trademark by using the mark in their Yahoo and Bing advertising when advertising their products to United States residents, including in California and this judicial district.

23.     Defendants' website https://www.edrawsoft.com is also hosted and/or mirrored by Akamai Technologies Inc. in Santa Clara, California.



*See* https://www.iplocation.net/ip-lookup (search "www.edrawsoft.com").

**PLAINTIFF'S PIONEERING ROLE IN MIND MAPPING SOLUTIONS**

24.     Plaintiff was founded in 2007 by four college friends sharing strong interests in mind mapping solutions, which at the time was a brand new software idea.  With their own money, the founders started to develop mind mapping software that can be used to organize large amounts of information, combining

spatial organization, dynamic hierarchical structuring and node folding like no other then-existing software.

25.     Plaintiff's first commercialized product, Xmind 2007, was launched at the beginning of 2007.  This product was the first mind mapping software in the world that could work fully functionally on Windows, Mac OX, and Linux operating systems.  A few months later, an upgraded and more powerful version, Xmind 2008, was developed, and it became a huge success for the company and was recognized as such by the industry.  Indeed, Xmind 2008 has received numerous industry awards, including "The 100 Best Products of 2007" from PC World China; the "Best Commercial RCP Application" award at EclipseCon 2008; in the "Best Project for Academia" category by SourceForge.net Community Choice in 2009, which was the largest open source community at the time; the "PCWorld Best 100 of 2010" global award; and the 2013 "Red Herring Asia Top 100" award.  In 2017, the last in this series of products, Xmind 8, was released, and this version is still distributed through Plaintiff's website.

26.     Plaintiff later decided to develop a completely new system compatible with mobile platforms and launched Xmind: ZEN in 2018, which was available on Mac, Windows, iOS, Android, and Linux devices.  Since then, Xmind has been featured by the Apple App Store almost every year -- a significant honor for any app developer working on iOS devices and Mac OS devices.

1    27.    As shown below, Xmind scores the highest user rating at both the

2    Google Play Store and Apple App Store among similar applications.



3

4

5

6

7

8

9

10

11    28.    Plaintiff has invested heavily in product research and development,

12    and it has further secured its leading role in the global market of mind mapping

13    solutions, with R&D personnel accounting for more than 70% of the total number

14    of employees.  At the same time, Plaintiff maintains an open mindset for potential

15    technical cooperation and has partners around the world through which it serves

16    local markets.

17    29.    To date, the Xmind products have been used by market leaders in

18    many different industries.

19

20

11

**THE XMIND TRADEMARK**

24.     Xmind is the owner of the XMIND trademark, which has been used since 2007 with mind mapping and related software.  Since sales of XMIND software began, wholesale sales of such software have amounted to many millions of dollars.  In addition, as noted, software marketed under the XMIND trademark has received favorable media and industry attention for providing mind mapping solutions.

25.     Plaintiff is the owner of a U.S. trademark registration issued by the U.S. Patent & Trademark Office on the Principal Trademark Register covering its XMIND trademark, as set forth below:

| Reg. No. | Trademark | Goods |
|----------|-----------|-------|
| 3,691,570 | XMIND | Computer game software; Computer graphics software; Computer software for use in the safeguarding of digital files, including audio, video, text, binary, still images, graphics and multimedia files; Computer software for capturing, organizing and sharing notes, data and images in graphical format; Computer software that provides real-time, integrated business management intelligence by combining information from various databases and presenting it in an easy-to-understand user interface; Computer software that provides web-based access to applications and services through a web operating system or portal interface; Computer software to enhance the audio-visual capabilities of multimedia applications, namely, for the integration of text, audio, graphics, still images and moving pictures; Computer software, namely, software |

| | | development tools for the creation of mobile internet applications and client interfaces; Desktop publishing software; Downloadable computer software for capturing, organizing and sharing notes, data and images in graphical format; Electronic game software; Game software; Graphical user interface software; Software for processing images, graphics and text |
| --- | --- | --- |

The foregoing trademark registration is valid and subsisting.  The XMIND trademark is a distinctive trademark symbolizing consumer goodwill whose value to Xmind is substantial.

26.    Xmind also owns common law rights in the distinctive trademark XMIND that are protectable at law by virtue of Xmind's continuous and exclusive use of the same in connection with computer software, as described above.

27.    By virtue of its continuous and substantial use of the XMIND trademark since 2007, the high level of sales of such goods that have been achieved over time, and the extensive volume of media and industry recognition described above, Xmind has developed substantial, valuable goodwill with respect to the XMIND trademark.

28.    The widespread promotion and use of the XMIND trademark by Xmind has caused the trade and public to associate the XMIND trademark with Xmind and caused the trade and public to believe that the goods provided in

connection with the XMIND trademark are exclusively associated with, or are sponsored or licensed by, Xmind.

## DEFENDANTS' FALSE ADVERTISING,
## TRADEMARK INFRINGEMENT AND UNFAIR BUSINESS PRACTICES

29.     Unsurprisingly, albeit unfortunately, Plaintiff's pioneering products have attracted not just a renowned and loyal customer base, but also copycats seeking to profit from the fruits of Plaintiff's hard work and dedication. Among these copycats are Defendants, which have blatantly copied the revolutionary XMIND products, Plaintiff's product roadmap, and, most significantly for present purposes, Plaintiff's associated trademark rights.

30.     Defendants launched their own mind mapping products long after Plaintiff's XMIND products were offered to the public and, upon information and belief, willfully copied Xmind's product roadmaps, updates, and its trademark, without license, permission, or authorization to create their knock-off products.

31.     For example, Xmind launched an important update in March 2022 with a new feature called "smart color scheme" that allows users to change the color of the blocks and lines between them.  A few months later, Defendants quickly copied this new feature in their own update.





32.     Upon information and belief, the similarity of the products was

intentional, in that Defendants deliberately intended to copy Plaintiff's products

and their design, thereby seeking to take advantage of Plaintiff's goodwill in the

industry.

33.     Defendants have also used without authorization Plaintiff's well-

known, registered XMIND trademark in Internet advertising for their own copycat

mind mapping products, as shown below.



[http://www.yahoo.com](http://www.yahoo.com) (search "xmind").



[https://www.bing.com](https://www.bing.com) (search "xmind").

34.     The wholly unauthorized use of the XMIND trademark in what appears to be some form of keyword advertising or other search optimization technique by Defendants causes consumers looking online for Plaintiff to receive search results that include Defendants and thereby to cause them to believe falsely that Defendants are associated with Plaintiff and its XMIND products, or to believe that Defendants' inferior mind mapping products are XMIND products.

35.     Defendants have had notice that Plaintiff's XMIND trademark is a registered and protected trademark, yet their unlawful behavior has continued unabated.

36.     Defendants' wrongful, unauthorized use of the XMIND trademark in this manner is highly likely to cause confusion among consumers and amounts to trademark infringement and unfair competition in violation of the Lanham Act, violates California statutory and common law, and also shows the lengths to which Defendants have gone to associate themselves with Xmind.

37.     Defendants have also included numerous false statements on their website and in promotional materials. In particular, Defendants' website compares Xmind with its own Edraw software (part 5, https://www.edrawsoft.com/mindmap/how-to-make-a-mind-map-in-xmind.html). As shown below, Defendants claim that their product possesses certain features that the XMIND software does not have, such as Apply Outline View and SVG file

17

import function.  These claims are false because the XMIND software does include

these features.

| Factors | XMind | EdrawMind | EdrawMax |
|---------|-------|-----------|----------|
| Apply Outline View | ✕ | ✓ | ✕ |
| File Import Formats | | | |
| MindManager | ✓ | ✓ | ✕ |
| XMind | ✓ | ✓ | ✕ |
| MS Visio | ✕ | ✕ | ✓ |
| SVG | ✕ | ✕ | ✓ |

38.     In addition, Defendants claim on their website that their customers

include IBM, Samsung, HP, DELL, CISCO and other well-known companies.  On

information and belief, these companies are not actually Defendants' customers.

Further, Defendants claim on their website that they have over 25 million users.

On information and belief, this is a false statement and the actual number of users

of Defendants' software is much smaller.



https://www.edrawsoft.com/about-us.html.

18

https://www.edrawsoft.com/edrawmind/.

38.     Upon information and belief, Defendants knew or, by the exercise of reasonable care should have known, that the above-described statements about Plaintiff's products and Defendants' customers are untrue and/or misleading.

39.     Plaintiff sent a letter to Defendants on January 10, 2023, identifying Plaintiff's intellectual property rights and providing several examples of the ways in which Defendants' products infringe or otherwise violate those rights.  Xmind further demanded that Defendants cease their unlawful conduct. But Defendants did not respond.

40.     Defendants' egregious acts have irreparably harmed Plaintiff and threaten to continue to irreparably harm Plaintiff unless enjoined by this Court. Defendants' unlawful use of Plaintiff's XMIND trademark creates consumer confusion as to the source of Defendants' products and Defendants' affiliation with Plaintiff.  Further, Defendants' acts of infringement and unfair competition, false advertising and unfair business practices harm Plaintiff's reputation and goodwill, confuse consumers, discourage or frustrate potential users of Plaintiff's products,

and unlawfully divert business from Plaintiff to Defendants, by leading consumers to falsely believe that Plaintiff's products are inferior to Defendants' and that Defendants have customers that they actually do not have.  In addition, Defendants' actions cause monetary harm to Plaintiff because Plaintiff must incur costs in order to prevent its customers from being deceived, including without limitation through expenditures on corrective advertising.

41.     Defendants' actions have been willful, as shown by Defendants' refusal to cease and desist from their unfair and unlawful activities, despite Plaintiff's request that they do so, illustrating their lack of respect for intellectual property rights and the law.

42.     This injury to Plaintiff cannot be remedied through damages alone, and Plaintiff has no adequate remedy at law.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement Under 15 U.S.C. § 1114)

43.     Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

44.     Plaintiff is the owner of U.S. trademark registration 3,691,570 issued by the U.S. Patent & Trademark Office on the Principal Trademark Register covering its XMIND trademark.

45.     Without the authorization or consent of Plaintiff, Defendants have used and continue to use Plaintiff's registered XMIND trademark in connection with the sale, offering for sale, distribution, and advertising of Defendants' mind mapping products that are copies of Plaintiff's products and that directly compete with Plaintiff's products.

46.     In addition, without the authorization or consent of Plaintiff, Defendants supplied products that were used to infringe Plaintiff's XMIND trademark, knowing or having reason to know such infringement would occur. Further, without the authorization or consent of Plaintiff, Defendants intentionally induced the infringement of Plaintiff's XMIND trademark.

47.     Defendants' infringing conduct has occurred notwithstanding Defendants having been on notice that the Plaintiff's XMIND trademark is registered.

48.     Defendants' infringing conduct is likely to cause consumer confusion, mistake, and/or deception in the relevant market(s) as to the origin of the products, and/or as to whether Defendants are sponsored by, approved by, or affiliated with Plaintiff or otherwise connected to Plaintiff, in violation of 15 U.S.C. § 1114(1).

49.     As a result of Defendants' infringing conduct, Plaintiff has suffered substantial damages in an amount to be proven at trial, as well as the continuing loss of the goodwill and reputation established by Plaintiff under its XMIND mark.

This continuing loss of goodwill and reputation cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law.  Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

50.    Defendants have derived unlawful gains and profits from their acts of infringement.  Plaintiff is entitled to the disgorgement of any money or other property that Defendants acquired through the aforesaid unlawful acts.

51.    Plaintiff is entitled to costs and reasonable attorneys' fees.

52.    Plaintiff's damages may be increased because Defendants' actions have been committed intentionally and with full knowledge of Plaintiff's trademark rights, thus making this an exceptional case under 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF

### (<u>False Designation of Origin Under 15 U.S.C. § 1125(a)(1)</u>)

46.    Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

47.    Defendants' use of the XMIND mark in commerce in connection with the sale, offering for sale, distribution, and advertising of Defendants' products constitutes a false designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or as to the origin, sponsorship, or approval of

Defendants' products by Plaintiff, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

48.     In addition, Defendants have contributed to the unlawful conduct described herein by knowingly inducing or causing such conduct, and/or by materially participating in such conduct.

49.     Defendants' unlawful actions have at all times been willful and/or knowing.

50.     As a result of Defendants' unlawful conduct, Plaintiff has suffered substantial damages in an amount to be proven at trial, as well as the continuing loss of Plaintiff's goodwill and reputation.  This continuing loss of goodwill and reputation cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law.  Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

51.     Defendants have derived unlawful gains and profits from their unlawful acts.  Plaintiff is entitled to the disgorgement of any money or other property that Defendants acquired through the aforesaid unlawful acts.

52.     Plaintiff is entitled to costs and reasonable attorneys' fees.

53.     Plaintiff's damages may be increased because Defendants' actions have been committed willfully and with knowledge, thus making this an exceptional case under 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

54.    Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

55.    Plaintiff has common law trademark rights in the XMIND mark under California law by virtue of its prior use of the mark.

56.    Without the authorization or consent of Plaintiff, Defendants have used and continue to use Plaintiff's XMIND trademark in connection with the sale, offering for sale, distribution, and advertising of Defendants' mind mapping products that are copies of Plaintiff's products and that directly compete with Plaintiff's products.

57.    In addition, without the authorization or consent of Plaintiff, Defendants supplied products that were used to infringe Plaintiff's XMIND trademark, knowing or having reason to know such infringement would occur. Further, without the authorization or consent of Plaintiff, Defendants intentionally induced the infringement of Plaintiff's XMIND trademark.

58.    Defendants' infringing conduct is likely to cause consumer confusion, mistake, and/or deception in the relevant market(s) as to the origin of the products, and/or as to whether Defendants are sponsored by, approved by, or affiliated with Plaintiff or otherwise connected to Plaintiff.

59.     Defendants' infringing conduct has been knowing and intentional, and has occurred notwithstanding Defendants having been on notice that Plaintiff has common law trademark rights in the XMIND mark.

60.     As a result of Defendants' infringing conduct, Plaintiff has suffered substantial damages in an amount to be proven at trial, as well as the continuing loss of the goodwill and reputation established by Plaintiff under its XMIND mark. This continuing loss of goodwill and reputation cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law.  Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

61.     Plaintiff is entitled to costs and reasonable attorneys' fees.

62.     Defendants have derived unlawful gains and profits from their acts of infringement.  Plaintiff is entitled to the disgorgement of any money or other property that Defendants acquired through the aforesaid unlawful acts.

63.     Defendants' infringement has been malicious and oppressive with full knowledge of Plaintiff's trademark rights, thus entitling Plaintiff to exemplary damages pursuant to California Civil Code § 3294(a).

64.     Defendants should be required to pay Plaintiff's attorneys' fees and litigation expenses under Cal. Civ. Proc. Code § 1021.5.  This action is likely to result in the enforcement of an important right affecting the public interest and

confer a significant benefit on the general public or a large class of persons. The necessity and financial burden of private enforcement are such as to make an award of attorneys' fees appropriate, and the fees should not in the interest of justice be paid out of any other recovery.

**FOURTH CLAIM FOR RELIEF**

**<u>(Common Law Unfair Competition)</u>**

65.     Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

66.     Defendants' acts of trademark infringement, false designation of origin, and false advertising complained of herein constitute unfair competition under California common law.

67.     Defendants' unlawful acts have at all times been willful and/or knowing.

68.     Defendants' unlawful acts have deceived and/or are likely to deceive members of the public into believing that Defendants' products and Plaintiff's products, or the parties' businesses, are related, and/or that Defendants' products are affiliated with, associated with, and/or sold by Plaintiff and/or that Plaintiff's products are affiliated with, associated with, and/or sold by Defendants, and/or that Defendants have customers they do not have, and/or that Plaintiff's products do not contain features that they do in fact contain.

69.     As a result of Defendants' unlawful conduct, Plaintiff has suffered substantial damages in an amount to be proven at trial, as well as the continuing loss of Plaintiff's goodwill and reputation.  This continuing loss of goodwill and reputation cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law.  Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

70.     Plaintiff is entitled to costs and reasonable attorneys' fees.

71.     Defendants have derived unlawful gains and profits from their acts of unfair competition.  Plaintiff is entitled to the disgorgement of any money or other property that Defendants acquired through the aforesaid unlawful acts.

72.     Defendants' unlawful actions have been malicious and oppressive with full knowledge of Plaintiff's rights, thus entitling Plaintiff to exemplary damages pursuant to California Civil Code § 3294(a).

73.     Defendants should be required to pay Plaintiff's attorneys' fees and litigation expenses under Cal. Civ. Proc. Code § 1021.5.  This action is likely to result in the enforcement of an important right affecting the public interest and confer a significant benefit on the general public or a large class of persons. The necessity and financial burden of private enforcement are such as to make an award of attorneys' fees appropriate, and the fees should not in the interest of justice be paid out of any other recovery.

## FIFTH CLAIM FOR RELIEF

### (False Advertising Under 15 U.S.C. § 1125(a)(1))

74.     Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

75.     Defendants' statements on the www.edraw.com website that Defendants' customers include companies that, upon information and belief, are not actual customers of Defendants, and that Defendants have millions of customers when, upon information and belief, Defendants have significantly fewer customers, constitute false and misleading descriptions and misrepresentations of fact which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with these alleged customers and as to the sponsorship or approval of Defendants' products by these alleged customers, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

76.     In addition, Defendants' statements on their website that Plaintiff's products do not contain certain features that they do in fact possess constitute false and misleading descriptions and misrepresentations of fact in commerce which, as part of commercial advertising and promotion, misrepresent the nature, characteristics, and qualities of Plaintiff's products, in violation of Section 43(a)(1)(b) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

77.     In addition, Defendants have contributed to the false advertising described herein by knowingly inducing or causing such conduct, and/or by materially participating in such conduct.

78.     Defendants' unlawful actions have at all times been willful and/or knowing.

79.     As a result of Defendants' unlawful conduct, Plaintiff has suffered substantial damages in an amount to be proven at trial, as well as the continuing loss of Plaintiff's goodwill and reputation.  This continuing loss of goodwill and reputation cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law.  Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

80.     Plaintiff is entitled to costs and reasonable attorneys' fees.

81.     Defendants have derived unlawful gains and profits from their acts of false advertising.  Plaintiff is entitled to the disgorgement of any money or other property that Defendants acquired through the aforesaid unlawful acts.

82.     Plaintiff's damages may be increased because Defendants' actions have been committed willfully and with knowledge, thus making this an exceptional case under 15 U.S.C. § 1117(a).

**SIXTH CAUSE OF ACTION**

**(Unlawful, Unfair, And Fraudulent Business Practices Under**

**California Business & Professions Code § 17200)**

83.     Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

84.     Defendants' acts of unlawful, unfair and/or fraudulent business acts or practices, and unfair, deceptive, untrue and/or misleading advertising, including the acts of trademark infringement, false designation of origin, and false advertising complained of herein, constitute unfair competition in violation of Section 17200 *et seq.* of the California Business and Professions Code.

85.     Defendants' unlawful acts have at all times been willful and/or knowing.

86.     Defendants' unlawful acts violate several federal and California statutes and regulations, as detailed herein.

87.     Defendants' unlawful acts have deceived and/or are likely to deceive members of the public into believing that Defendants' products and Plaintiff's products, or the parties' businesses, are related, and/or that Defendants' products are affiliated with, associated with, and/or sold by Plaintiff and/or that Plaintiff's products are affiliated with, associated with, and/or sold by Defendant, and/or that Defendant has customers that it does not have, and/or that Plaintiff's products do not contain features that they do in fact contain.

88.     As a result of Defendants' unlawful conduct, Plaintiff has suffered substantial damages in an amount to be proven at trial, as well as the continuing loss of Plaintiff's goodwill and reputation.  This continuing loss of goodwill and reputation cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law.  Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

89.     Plaintiff is entitled to costs and reasonable attorneys' fees.

90.     Defendants have derived unlawful gains and profits from their acts of unfair competition.  Plaintiff is entitled to the disgorgement of any money or other property that Defendants acquired through the aforesaid unlawful acts.

91.     Defendants' unlawful actions have been malicious and oppressive with full knowledge of Plaintiff's rights, thus entitling Plaintiff to exemplary damages pursuant to California Civil Code § 3294(a).

92.     Defendants should be required to pay Plaintiff's attorneys' fees and litigation expenses under Cal. Civ. Proc. Code § 1021.5.  This action is likely to result in the enforcement of an important right affecting the public interest and confer a significant benefit on the general public or a large class of persons. The necessity and financial burden of private enforcement are such as to make an award of attorneys' fees appropriate, and the fees should not in the interest of justice be paid out of any other recovery.

# SEVENTH CAUSE OF ACTION

## (Deceptive, False, And Misleading Advertising

## Under California Business & Professions Code § 17500)

93.     Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

94.     Defendants, intending to sell their products to the public, used false and/or misleading advertising on their website, knowing the same to be untrue and misleading, in violation of California Business and Professions Code § 17500, *et seq*.

95.     Defendants' deceptive trade practices have caused and are likely to cause substantial injury to the public and to Plaintiff.

96.     Defendants' unlawful acts have deceived and/or are likely to deceive members of the public into believing that Defendants' products and Plaintiff's products, or the parties' businesses, are related, and/or that Defendants' products are affiliated with, associated with, and/or sold by Plaintiff and/or that Plaintiff's products are affiliated with, associated with, and/or sold by Defendants, and/or that Defendants have customers that they do not have, and/or that Plaintiff's products do not contain features that they do in fact contain.

97.     As a result of Defendants' unlawful conduct, Plaintiff has suffered substantial damages in an amount to be proven at trial, as well as the continuing

loss of Plaintiff's goodwill and reputation.  This continuing loss of goodwill and reputation cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law.  Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

98.     Plaintiff is entitled to costs and reasonable attorneys' fees.

99.     Defendants have derived unlawful gains and profits from their acts of unfair competition.  Plaintiff is entitled to the disgorgement of any money or other property that Defendants acquired through the aforesaid unlawful acts.

100.    Defendants' unlawful actions have been malicious and oppressive with full knowledge of Plaintiff's rights, thus entitling Plaintiff to exemplary damages pursuant to California Civil Code § 3294(a).

101.    Defendants should be required to pay Plaintiff's attorneys' fees and litigation expenses under Cal. Civ. Proc. Code § 1021.5.  This action is likely to result in the enforcement of an important right affecting the public interest and confer a significant benefit on the general public or a large class of persons. The necessity and financial burden of private enforcement are such as to make an award of attorneys' fees appropriate, and the fees should not in the interest of justice be paid out of any other recovery.

## PRAYER FOR RELIEF

Plaintiff requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

1)      A judgment that Defendants' acts constitute trademark infringement, unfair competition, false designation of origin, false advertising, and unlawful, unfair, and fraudulent business practices under the causes of action asserted in this Complaint;

2)      An order preliminarily, and a judgment permanently, enjoining and restraining Defendants, their officers, agents, servants, employees, attorneys, successors or assigns, and all persons or entities acting in concert or participation with them or any of them from:

(i) the manufacture, distribution, offering for sale, sale, advertising and/or promotion in the United States of any products:

a)  using or depicting in any way the XMIND trademark, any counterfeit or colorable imitation thereof, or any other designation that is confusingly similar to the XMIND trademark in a manner that violates Plaintiff's rights; and

b) using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing

that Defendants' business and products are in any way associated or affiliated with or related to Plaintiff's XMIND products or Plaintiff, in violation of Plaintiff's rights under 15 U.S.C. §§ 1114(1) and 1125(a)(1), California Business & Professions Code §§ 17200 and 17500, and California common law;

(ii) the continued dissemination of false and misleading statements concerning the attributes of Plaintiff's XMIND products and Defendants' customers, in violation of 15 U.S.C. § 1125(a)(1) and California Business & Professions Code § 17500.

3)      An order directing Defendants to file with the Court and serve on counsel for Plaintiff, within thirty days after entry of any injunction issued by the Court in this action, a sworn written statement as provided in 15 U.S.C. § 1116.

4)      An order directing Defendants to retract and/or correct their false and misleading statements concerning the attributes of Plaintiff's XMIND products and Defendants' customers.

5)      An order directing Defendants to account for and disgorge to Plaintiff all of their profits arising from the conduct complained of herein, pursuant to 15 U.S.C. § 1117(a), California Business & Professions Code §§ 17200 and 17500, and California common law.

6)      An order awarding Plaintiff its actual damages incurred as a consequence of Defendants' wrongful conduct as described herein, pursuant to 15

U.S.C. § 1117(a), California Business & Professions Code §§ 17200 and 17500, and California common law.

       7)     An order finding this case exceptional and increasing damages pursuant to 15 U.S.C. § 1117(a).

       8)     An order awarding punitive damages pursuant to California Civil Code § 3294(a).

       9)     An order awarding Plaintiff its attorneys' fees and litigation expenses, pursuant to 15 U.S.C. § 1117(a), California Business & Professions Code §§ 17200 and 17500, California common law, and California Code of Civil Procedure § 1021.5.

       10)     An order awarding pre and post-judgment interest on all amounts awarded.

       11)     An order awarding Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

       Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a jury trial as to all issues, claims and defenses so triable.

Dated:  April 3, 2023

Respectfully submitted,

*/s/ Hillary N. Bunsow*
Michael Flynn-O'Brien (SBN 291301)
mflynnobrien@bdiplaw.com
Hillary N. Bunsow (SBN 278719)
hillarybunsow@bdiplaw.com
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
Telephone: (415) 426-4727

Hui Shen (*Pro Hac Vice* Pending)
shen.hui@dorsey.com
Dorsey & Whitney LLP
1401 New York Avenue NW, Suite 900
Washington DC, 20005
Telephone: (202) 442-3000

Bruce Ewing (*Pro Hac Vice* Pending)
ewing.bruce@dorsey.com
Dorsey & Whitney LLP
51 W 52nd St #15,
New York, NY 10019
Telephone: (212) 415-9206

*Attorneys for Plaintiff*