Michael Flynn-O'Brien (SBN 291301)
mflynnobrien@bdiplaw.com
Hillary N. Bunsow (SBN 278719)
hillarybunsow@bdiplaw.com
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
Telephone: (415) 426-4727

Hui Shen (*Pro Hac Vice*)
shen.hui@dorsey.com
Dorsey & Whitney LLP
1401 New York Avenue NW, Suite 900
Washington DC, 20005
Telephone: (202) 442-3000

Bruce Ewing (*Pro Hac Vice*)
ewing.bruce@dorsey.com
Dorsey & Whitney LLP
51 W 52nd St #15,
New York, NY 10019
Telephone: (212) 415-9206

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XMIND LTD., | CIVIL ACTION NO. 2:23-cv-02481-HDV-KS |
| PLAINTIFF, | |
| v. | CASE MANAGEMENT STATEMENT |
| SHENZHEN EDRAW SOFTWARE CO., LTD., WONDERSHARE TECHNOLOGY GROUP CO. LTD., WONDERSHARE | |

| | |
|---|---|
| 1 | TECHNOLOGY INC., WONSON GLOBAL ENTERPRISES INC., YEABO LIMITED AND WONDERSHARE GLOBAL LIMITED |
| 2 | |
| 3 | |
| 4 | |
| 5 | DEFENDANTS. |

Pursuant to the Court's Reassignment Order (D.I. 29), Plaintiff Xmind Ltd. ("Plaintiff") submits this Case Management Statement:

## I. Date the Case was Filed

Plaintiff filed the Complaint on April 3, 2023. D.I. 1. Defendants Shenzhen Edraw Software Co., Ltd., Wondershare Technology Group Co. Ltd., Wondershare Technology Inc., Wonson Global Enterprises Inc., Yeabo Limited, and Wondershare Global Limited ("Defendants") have not responded to the Complaint. Plaintiff's counsel has been in discussions with an attorney who has not yet entered an appearance, but who claims he will be representing all Defendants, concerning a stipulation extending Defendants' deadline to answer. If such discussions are not resolved satisfactorily, and promptly, Plaintiff intends to move for a default judgement against Defendants in due course.

## II. A List or Description of Each Party

Plaintiff Xmind Ltd. ("Xmind") is a corporation duly organized and existing

under the laws of Hong Kong, with its global headquarters located at 31F, Hisense South Building, No. 1777 Venture Road, Azure Coast Community, Yuehai Street, Nanshan District, Shenzhen, China.

Defendants Shenzhen Edraw Software Co., Ltd., Wondershare Technology Inc., Wonson Global Enterprises Inc., Yeabo Limited, Wondershare Global Limited, and Wondershare Technology Group Co. Ltd. (also known by its Chinese name, 万兴科技集团股份有限公司) (collectively "Defendants") are each part of the same corporate family of companies operating under the "Wondershare" brand:

- Defendant Shenzhen Edraw Software Co., Ltd. is a corporation duly organized and existing under the laws of the People's Republic of China, with a place of business at B801, Building 5, Shenzhen Software Industry Base, Haitian 1st Road, Yuehai Street, Nanshan District, Shenzhen, Guangdong, China and/or 200-4445 Lougheed Hwy, Burnaby, BC Canada, V5C 0E4.

- Defendant Wondershare Technology Group Co. Ltd. is a corporation duly organized and existing under the laws of the People's Republic of China, with a place of business at 306, Block D, Building 5, Shenzhen Software Industry Base, Nanshan District, Shenzhen, Guangdong, China and/or 200-4445 Lougheed Hwy, Burnaby, BC Canada, V5C 0E4.

- Defendant Wondershare Technology Inc. is a corporation duly organized and existing under the laws of Canada with a place of business at 200-4445 Lougheed Hwy, Burnaby, BC Canada, V5C 0E4.

- Defendant Wonson Global Enterprises Inc. is a corporation duly organized and existing under the laws of Canada with a place of business at 300 - 3665 Kingsway Vancouver, BC Canada, V5R-5W2.

- <u>Defendant Yeabo Limited</u> is a corporation duly organized and existing under the laws of Hong Kong, with a place of business at Unit No. A222, 3F, Hang Fung Industrial Building, Phase2, No. 2G Hok Yuen Street, Hunghom KLN Hong Kong and/or 200-4445 Lougheed Hwy, Burnaby, BC Canada, V5C 0E4.

- <u>Defendant Wondershare Global Limited</u> is a corporation duly organized and existing under the laws of Hong Kong, with a place of business at Unit D, 16/F, One Capital Place, 18 Luard Road, Wan Chai, Hong Kong and/or 200-4445 Lougheed Hwy, Burnaby, BC Canada, V5C 0E4.

**III.   Claims, Counter-Claims, Cross-Claims, Third-Party Claims**

Plaintiff alleges claims of federal trademark infringement under 15 U.S.C. § 1114; false designation of origin under 15 U.S.C. § 1125(a)(1); common law trademark infringement; common law unfair competition; false advertising under 15 U.S.C. § 1125(a)(1); unlawful, unfair, and fraudulent business practices under California Business & Professions Code § 17200; deceptive, false, and misleading advertising under California Business & Professions Code § 17500. Plaintiff alleges that the Defendants are liable for each of these causes of action jointly and severally, that the Defendants are part of the same corporate family of companies, and are each directly, contributorily and/or vicariously liable, and/or liable by way of inducement, for the misconduct described in the Complaint. D.I. 1, ¶¶ 11-13.

At present, no counter-claims, cross-claims, or third-party claims have been filed. Indeed, as of today, Defendants have not responded to the Complaint.

## IV. Brief Description of the Events Underlying the Action

Plaintiff alleges that the Parties compete in the mind mapping solution business; among other things, they offer competing mind mapping applications. A mind map is a diagram used to organize information into a hierarchy, showing relationships among pieces of the whole. A mind map is often created around a single concept, drawn as an image in the center of a blank page, to which associated representations of ideas such as images, words and parts of words are added. Plaintiff offers a mind mapping product and service called "xmind." *See e.g.*, https://xmind.app/. Defendants offer a mind mapping product and service called "EdrawMind." See e.g., https://www.edrawsoft.com/edrawmind/.

Plaintiff alleges that Defendants have copied Xmind's products, and that, as part of their effort to compete, Defendants have engaged in acts of trademark infringement, unfair competition, false designation of origin, false advertising, and unlawful, unfair, and fraudulent business practices. *See e.g.*, D.I. 1 ¶¶ 1-3, 24-42.

## V. Status of Discovery

The Court had not yet entered a scheduling order when the case was reassigned. Accordingly, discovery has not yet begun.

## VI. Procedural History of the Case

Plaintiff filed the Complaint on April 3, 2023. D.I. 1. On May 2, 2023 Plaintiff completed service on Defendants Wondershare Technology Group Co.

Ltd., Wondershare Technology Inc., and Wondershare Global Limited via the Hague Convention at the Defendants' offices in Canada.  D.I. 25, 26, 27.

Defendants have not responded to the Complaint. Plaintiff's counsel has been in discussions with an attorney who has not yet entered an appearance, but who claims he will be representing all Defendants, concerning a stipulation extending Defendants' deadline to answer.  If such discussions are not resolved satisfactorily, and promptly, Plaintiff intends to move for a default judgement against Defendants in due course

The case was initially assigned to Magistrate Judge Alka Sagar on April 5, 2023, under the Civil Consent Pilot Project.  D.I. 11.  On April 19, 2023, Plaintiff filed a Declined Statement of Consent to Proceed before Magistrate Judge Sagar.  D.I. 21.  Thereafter, on April 20, 2023, the case was reassigned from Magistrate Judge Sagar to District Judge George Wu, with discovery matters assigned to Magistrate Judge Karen Stevenson.  D.I. 23.  On June 20, 2023, the case was transferred from District Judge Wu to District Judge Hernan Vera.  D.I. 28.

Given the early stages of this case, no previous motions have been decided or submitted; no ADR proceedings or settlement conferences have been scheduled or concluded; and no related appellate proceedings are pending or have concluded.

VII. **A Description of any Other Deadlines in Place before Reassignment, including those for Dispositive Motions, Pretrial conferences, and Trials**

The Court had not yet entered a scheduling order when the case was reassigned. Thus, the only deadlines currently in place are those provided by the C.D. Cal. Local Rules and Federal Rules of Civil Procedure.

VIII. **Whether the Parties will Consent to a Magistrate Judge for Trial**

The Parties do not consent to a magistrate judge for trial. *See* D.I. 21.

IX. **Whether There Exists an Immediate Need for a Case Management Conference to be Scheduled, and, if so, Why the Parties Believe Such a Need Exists**

Because Defendants have not answered the Complaint, Plaintiff does not believe there is a need for a case management conference at this time. Plaintiff's counsel has been in discussions with an attorney who has not yet entered an appearance, but who claims he will be representing all Defendants, concerning a stipulation extending Defendants' deadline to answer. If such discussions are not resolved satisfactorily, and promptly, Plaintiff intends to move for a default judgement against Defendants in due course.

Dated: July 10, 2023    Respectfully submitted,

*/s/ Hillary N. Bunsow*
Michael Flynn-O'Brien (SBN 291301)
mflynnobrien@bdiplaw.com
Hillary N. Bunsow (SBN 278719)

7

hillarybunsow@bdiplaw.com
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
Telephone: (415) 426-4727

Hui Shen (*Pro Hac Vice*)
shen.hui@dorsey.com
Dorsey & Whitney LLP
1401 New York Avenue NW, Suite 900
Washington DC, 20005
Telephone: (202) 442-3000

Bruce Ewing (*Pro Hac Vice*)
ewing.bruce@dorsey.com
Dorsey & Whitney LLP
51 W 52nd St #15,
New York, NY 10019
Telephone: (212) 415-9206

*Attorneys for Plaintiff*